UNITED STATES BANKRUPTCY COURT    **FOR PUBLICATION**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Case No. 04-18487-CEC

ALTHEA WRIGHT,                             Chapter 7
a/k/a Althea A. Wright,
a/k/a Althea Ann Marie Wright,

                               Debtor.
------------------------------------------------------------x


## DECISION


Jeffrey I. Stark, Esq.                       Harvey Sharinn, Esq.
Charles Juntikka & Associates          Sharinn & Lipshie, P.C.
11 West 42nd Street                        200 Garden City Plaza
New York, New York 10036            Suite 506
                                                     Garden City, New York 11530


CARLA E. CRAIG
United States Bankruptcy Judge

This matter comes before this Court on the motion of Althea Wright, also known as Althea A. Wright and Althea Ann Marie Wright, for an order requiring Sharinn and Lipshie, P.C. to pay actual damages, pursuant to 11 U.S.C. §362(h), for the firm's willful violation of the automatic stay. The Debtor asserts that Sharinn and Lipshie failed to remove a lien the firm had placed on Ms. Wright's checking account, even after it had received notification of the filing of Ms. Wright's bankruptcy petition.

For the reasons set forth below, Ms. Wright's motion is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 11 U.S.C. §§ 1334(b) and 157(b)(2)(C) and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law following a trial on the merits to the extent required by Fed. R. Bankr. P. 7052.

## Facts

On March 17, 2004, prior to the filing of Ms. Wright's voluntary petition, Sharinn and Lipshie obtained a default judgment against Ms. Wright on behalf of Capital One Bank. Pursuant to the default judgment, Sharinn and Lipshie arranged to have a lien placed on Ms. Wright's checking account, which she kept with Washington Mutual Bank.

On June 8, 2004, Ms. Wright filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Both Capital One and Sharinn and Lipshie were listed as creditors on Ms. Wright's petition pursuant to §521(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(1).

On June 12, 2004, the clerk of this Court notified by mail all listed creditors, including

Capital One and Sharinn and Lipshie, of Ms. Wright's bankruptcy and the date on which the first meeting of creditors was to be held. On June 22, 2004, Ms. Wright's attorney, Charles W. Juntikka and Associates, LLC, also mailed a letter to Sharinn and Lipshie that informed the firm of the filing of Ms. Wright's petition and the imposition of the automatic stay. The Juntikka firm's letter requested the immediate removal of Sharinn and Lipshie's lien on Ms. Wright's bank account. When the lien was not removed, the Juntikka firm sent a second letter the next week again requesting the removal of the firm's lien.

Despite this abundance of notice that Ms. Wright had filed a bankruptcy petition, Sharinn and Lipshie did not remove the lien on Ms. Wright's account.

Sharinn and Lipshie acknowledges that the firm received the Court's notice of the filing of Ms. Wright's petition on June 14, 2004 (Doc. No. 16; ¶10),[1] however, they deny having received either of the Juntikka firm's letters.

On July 9, 2004, this Court signed an order to show cause pursuant to which Sharinn and Lipshie was ordered to appear on July 28, 2004, to explain why the firm should not be held in contempt for their refusal to comply with the automatic stay by removing the lien on Ms. Wright's bank account. (Doc. No. 6.)

Sharinn and Lipshie asserts that, on July 13, 2004, almost 1 month after they received notice of Ms. Wright's petition from the clerk of this Court, it sent a general release letter to Washington Mutual. (Doc. No. 16; ¶13). Sharinn and Lipshie states that its failure to send the

---

[1] "Doc." refers to documents listed on the bankruptcy court's docket, by docket number.

release letter to Washington Mutual sooner was due to "an oversight and inadvertent error." Id. at ¶14. In any event, the lien on Ms. Wright's checking account was not removed.

On July 21, 2004, Sharinn and Lipshie made an application to this Court for an adjournment of the hearing on Ms. Wright's order to show cause. The Juntikka firm objected to the adjournment because the lien on Ms. Wright's account remained in place. On July 22, 2004, Sharinn and Lipshie faxed a letter to Washington Mutual instructing the bank to release Ms. Wright's account, which the bank did that same day.

## Discussion

Section 362(a) of the Bankruptcy Code provides an automatic stay of litigation, lien enforcement and other actions that are attempts to collect pre-petition claims. Section 362(a) of the Bankruptcy Code states, in pertinent part,

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities of...
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title

11 U.S.C. §362.

Violations of the automatic stay against the estate of an individual are governed by §362(h) of the Bankruptcy Code. 11 U.S.C. §362(h). Section 362(h) of the Bankruptcy Code states "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Id.; In re Robinson, 228 B.R. 75, 80 (Bankr. E.D.N.Y. 1998)

("An additional finding of maliciousness or bad faith on the part of the offending creditor is not necessary to support an award of actual damages but would warrant the further imposition of punitive damages pursuant to section 362(h)").

The party seeking damages for violation of the automatic stay must prove the following elements: (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages. Garland v. Lawton (In re Garland), 2001 Bankr. LEXIS 2186 (Bankr. D. Vt. 2001) (citations omitted). The moving party must prove each of these elements by a preponderance of the evidence. In re Robinson, 228 B.R. at 81 (citations omitted).

It is not disputed that Ms. Wright is an individual and that she filed a bankruptcy petition. Nor is it disputed that Sharinn and Lipshie had notice, and therefore, actual knowledge, of the bankruptcy filing. (Doc. No. 16; ¶10.) See In re Robinson, 228 B.R. at 84 (holding that the receipt of the notice of bankruptcy from the clerk of the court is sufficient for a creditor to be deemed to have knowledge of the bankruptcy proceeding.) However, Sharinn and Lipshie does dispute that its actions amounted to a willful violation of the automatic stay. Sharinn and Lipshie asserts that, in mailing a general release letter to Washington Mutual, even one mailed 1 month after the firm had actual knowledge of the bankruptcy, it did everything it was required to do under the Bankruptcy Code. This assertion is incorrect.

In Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d. Cir. 1990), the Second Circuit held that "any deliberate act taken

by a creditor in violation of the automatic stay, which the violator knows to be in existence, justifies an award of actual damages."   A failure to act by a creditor, such as a failure to release a restraint on the debtor's bank account, where the creditor had knowledge of the bankruptcy filing, may likewise be a violation of the automatic stay.

Courts in this Circuit have held that §362(h) should be liberally construed to ensure that debtors receive the protection of the automatic stay.  In re Robinson, 228 B.R. at 81 n.5 (citations omitted).  If §362(h) were limited to violators who had an actual intent to violate the stay, "the deterrent effect of the damages remedy, and the relief it affords wronged debtors, would be compromised inappropriately."  Id.

Sharinn and Lipshie argues that the Juntikka firm did not make a good faith effort to inform them that Washington Mutual had not lifted the lien on Ms. Wright's checking account. This argument is without merit.  It was not the Juntikka firm's responsibility to ensure that the lien on Ms. Wright's account had been removed; rather, that responsibility rested solely with Sharinn and Lipshie.

It is well settled that a creditor has an affirmative duty under §362 to take the necessary steps to discontinue its collection activities against a debtor.  Sucre v. MIC Leasing Corp. (In re Sucre), 226 B.R. 340, 347 (Bankr. S.D.N.Y. 1998).  "The provisions of the automatic stay place the responsibility to discontinue any pending collection proceedings squarely on the shoulders of the creditor who initiated the action."  Id., citing In the Matter of Sams, 106 B.R. 485, 490 (Bankr. S.D. Ohio 1989) ("Based on the language of §362(a) many courts have emphasized the obligation incumbent upon creditors to take necessary steps to halt or reverse pending state court actions or

other collection efforts commenced prior to the filing of a bankruptcy petition . . . ."). By failing to coordinate with Washington Mutual or otherwise take the necessary steps to ensure that the lien on Ms. Wright's account was immediately released, Sharinn and Lipshie willfully violated the automatic stay.

At the hearing, Ms. Wright testified that she suffered monetary damages as a result of her inability to access her checking account for more than one month after she filed her petition. The damages included, among other things, fees she was forced to pay to cash her paycheck and, of course, her lawyer's fees in connection with this matter.

As Sharinn and Lipshie willfully violated the automatic stay, the Court must award Ms. Wright actual damages pursuant to §362(h).[2] 11 U.S.C. §362; Crysen/Montenay Energy, 902 F.2d at 1105; Sucre, 226 B.R. at 349. An award of actual damages under §362(h) is intended to compensate a debtor for damages sustained as a result of a willful violation of the automatic stay. Id., citing In re Cox, 214 B.R. 635, 642 (Bankr. N.D. Ala. 1997) ("The term 'actual damages' is synonymous with the term 'compensatory damages.'").

Attorneys' fees are included in the award of actual damages awarded pursuant to §362(h). 11 U.S.C. §362. Although the language of §362(h) does not limit the amount of attorneys fees and costs to be awarded, "courts have determined that such an award must be 'reasonable and necessary,' and that courts should 'closely scrutinize the fees requested by attorneys for unnecessary and excessive charges.'" Sucre, 226 B.R. at 351.

---

[2] Although punitive damages were requested in the motion papers, this portion of Ms. Wright's request for relief was withdrawn at the trial.

7

While Ms. Wright was not able to itemize her damages at the hearing, the Court instructed the Juntikka firm to submit appropriate affidavits to this Court attesting to any fees and expenses incurred by Ms. Wright as a result of the lien remaining on her checking account. The Juntikka firm has yet to submit any affidavits. Accordingly, the Juntikka firm is ordered to submit such affidavit or affidavits within 10 days of the entry of this decision.

## Conclusion

For the foregoing reasons, the Court finds that Sharinn and Lipshie willfully violated the automatic stay. The Court will award fees and expenses to Ms. Wright subject to its review of the affidavit which this Court has ordered the Juntikka firm to submit herein.

Dated: Brooklyn, New York
      August 5, 2005

                                      *s/Carla E. Craig*
                                      CARLA E. CRAIG
                                      United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Case No. 04-18487-CEC

ALTHEA WRIGHT,                                      Chapter 7
a/k/a Althea A. Wright,
a/k/a Althea Ann Marie Wright,

                        Debtor.
-----------------------------------------------------------x

## MAILING CERTIFICATE

      I, Vivian Greene, Judicial Assistant to the Honorable Carla E. Craig, hereby affirm that on August 5, 2005 a copy of an Order was delivered to the parties named below by United States Postal Service first class mail, telecommunication, facsimile or any other delivery method, as follows:

| | |
|---|---|
| Jeffrey I. Stark, Esq. | Harvey Sharinn, Esq. |
| Wendy Selwanes, Esq. | Sharinn & Lipshie, P.C. |
| Charles Juntikka & Associates | 200 Garden City Plaza |
| 11 West 42nd Street | Suite 506 |
| New York, NY 10036 | Garden City, NY 11530 |
| Attorneys for Debtor | |

Dated:  Brooklyn, New York
       August 5, 2005

                                *s/Vivian Greene*
                                Vivian Greene